# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ZIPPORE EARLY, | DOCKET NUMBER |
| Appellant, | CH-0752-11-0039-I-2 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: September 16, 2014 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gony F. Goldberg</u>, Washington, D.C., for the appellant.

<u>Cynthia C. Cummings</u>, Esquire, Indianapolis, Indiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision which affirmed both her indefinite suspension and removal after the agency determined that she could no longer occupy a noncritical sensitive position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. As explained below, however, because both the Federal Circuit and the Board have issued several decisions which alter the analysis the Board must conduct in cases such as this, we AFFIRM the initial decision as MODIFIED with respect to the agency's removal action for the reasons set forth below. Additionally, we VACATE the initial decision regarding the indefinite suspension action and, differing from the administrative judge, instead DISMISS the appellant's challenge to her indefinite suspension as untimely filed without good cause shown. Further, we VACATE that portion of the initial decision adjudicating the appellant's disparate impact affirmative defense and find that the administrative judge should not have adjudicated this claim on the merits.

## DISCUSSION OF ARGUMENTS ON REVIEW

Background and procedural history.

¶2      The appellant began working for the agency's Defense Finance and Accounting Service in 1981 and was promoted several times during her career, ultimately securing a position as an Accounting Technician. Petition for Review (PFR) File, Tab 3 at 3 (citing hearing testimony); Initial Appeal File (IAF), Tab 4

at 88. Although the appellant's position was originally designated as nonsensitive, the agency redesignated the position as noncritical sensitive, and the appellant was required to undergo a background investigation. PFR File, Tab 3 at 6 (citing hearing testimony); IAF, Tab 4 at 89. After conducting a background investigation, the agency's Washington Headquarters Services Consolidated Adjudications Facility (CAF) issued the appellant a statement of reasons denying her eligibility to access classified information and/or occupy a sensitive position based on an outstanding delinquent debt. PFR File, Tab 3 at 7; IAF, Tab 4 at 83-87. The CAF subsequently issued the appellant a letter of denial denying her eligibility to access classified information and/or occupy a sensitive position. IAF, Tab 4 at 74-80. The appellant elected to appeal the CAF's letter of denial to a Defense Office of Hearings and Appeals (DOHA) administrative judge. *Id*. at 71.

¶3 Citing the CAF's letter of denial, the agency proposed to indefinitely suspend the appellant based upon her ineligibility to occupy a noncritical sensitive position. *Id*. at 71-73. The appellant submitted a written response to her proposed indefinite suspension. *Id*. at 59-67. The agency indefinitely suspended the appellant effective January 18, 2010, and informed her of her right, inter alia, to file an appeal with the Board challenging her indefinite suspension. *Id*. The appellant did not file an appeal with the Board at that time.

¶4 On April 12, 2010, the agency's Clearance Appeal Board accepted the recommendation of a DOHA administrative judge and issued a final decision affirming the CAF's determination that the appellant was ineligible to access classified information and/or occupy a sensitive position. *Id*. at 46. Based upon this final determination, the agency issued the appellant a notice of proposed removal charging her with an inability to occupy a noncritical sensitive position. *Id*. at 43-45. The appellant again filed a written response to the proposed adverse action. *Id*. at 36-42. The deciding official issued a letter of decision imposing

the appellant's removal effective October 7, 2010, and again informed her of her right, inter alia, to file an appeal with the Board. *Id*. at 28-35.

¶5 The appellant filed an appeal with the Board on October 8, 2010, seeking to challenge both her indefinite suspension and her removal. IAF, Tab 1. The administrative judge issued an initial decision affirming the agency's actions, citing the Board's decision in *Conyers v. Department of Defense*, 115 M.S.P.R. 572, ¶¶ 26-33 (2010), *appeal dismissed*, 733 F.3d 1148 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 1759 (2014), which held that the Board has the authority to review the underlying basis for the agency's determination that the employee is unable to occupy a noncritical sensitive position in connection with its adjudication of the agency's adverse action. Refiled Appeal File, Tab 30, Initial Decision (ID) at 2-5. Applying the Board's standard in *Conyers*, the administrative judge found that the agency had established the underlying reasons for denying the appellant eligibility to occupy a noncritical sensitive position and sustained both the indefinite suspension action and the removal. ID at 2-5, 7. The administrative judge also adjudicated the appellant's affirmative defense of race-based disparate impact and rejected her argument that the agency's use of credit checks in making its security clearance determinations had a disparate impact on African American employees. ID at 5-6. Lastly, the administrative judge found that the agency's penalty of removal was reasonable[2] and rejected the appellant's argument that the deciding official failed to conduct a proper *Douglas* factors analysis because "[a]ny review of the pertinent '*Douglas* factors' could afford no additional remedy" to the appellant. ID at 7.

¶6 The appellant has filed a petition for review challenging the administrative judge's decision to affirm her indefinite suspension and removal, and she also argues that the deciding official erred when he did not conduct a full *Douglas* factors analysis. PFR File, Tab 3 at 11, 20-22. The appellant further asserts that

---

[2] The administrative judge did not expressly address the reasonableness of the agency's decision to indefinitely suspend the appellant. *See* ID at 6-7.

she was denied due process because the deciding official testified that he had been informed that the appellant had been denied eligibility to occupy a noncritical sensitive position and that he could not have decided to maintain the appellant in a pay status because the adverse action was based on a security issue, which was "out of [his] control." *Id.* at 22 (citing hearing testimony). The agency has filed a response to the petition for review. PFR File, Tab 7.

¶7    The Board subsequently issued two show cause orders seeking additional briefing from the parties. PFR File, Tabs 8, 10. First, the Board provided the parties an opportunity to submit additional argument following the Federal Circuit's decision in *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181 (Fed. Cir. 2013), concerning the appellant's constitutional due process claim, PFR File, Tab 8; only the agency responded to this show cause order, PFR File, Tab 9. Second, the Board issued the appellant a show cause order concerning the timeliness of her challenge to her indefinite suspension. PFR File, Tab 10. In its show cause order, the Board explained to the appellant that she was indefinitely suspended effective January 18, 2010, but did not file an appeal with the Board until October 8, 2010. *Id.* The Board provided the appellant an opportunity to demonstrate that her indefinite suspension claim was timely, or that good cause exists for adjudicating the merits of her indefinite suspension. *Id.* Neither party responded to Board's order as to the timeliness of the indefinite suspension.

The appellant's indefinite suspension claim is dismissed as untimely without good cause shown.

¶8    Although chapter 75 contains no specific reference to "indefinite suspensions," the requirements of subchapter II of chapter 75 apply to "a suspension for more than 14 days." 5 U.S.C. § 7512(2); *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 12 (2010). An "indefinite suspension" is a "suspension" for purposes of chapter 75, even though it is imposed without a definitive end date, and where, as here, an indefinite

suspension lasts for more than 14 days, it becomes an action subject to the requirements of subchapter II of chapter 75. *See Gonzalez*, 114 M.S.P.R. 318, ¶ 12.

¶9    An appeal of an agency action must generally be filed no later than 30 days after the effective date of the action being appealed or 30 days after the date of the receipt of the agency's decision, whichever is later. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 5 C.F.R. § 1201.22(b).  The appellant bears the burden of proof on the issue of timeliness.  5 C.F.R. § 1201.56(a)(2). Here, the record reflects that the agency imposed the appellant's indefinite suspension effective January 18, 2010, and that the appellant received notice of her indefinite suspension on January 14, 2010.  IAF, Tab 4 at 53-54.  The appellant, however, did not file an appeal with the Board until October 8, 2010, 1 day after the effective date of her removal.  IAF, Tab 1, Tab 4 at 28-35.  Thus, we find that the appellant's challenge to her indefinite suspension is untimely by over 8 months.

¶10    The Board will generally dismiss an untimely claim unless the appellant establishes good cause for the delay.  *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 5 (2011); 5 C.F.R. § 1201.22(c).  To establish good cause, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her claim.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶11        Here, we find no good cause for accepting the appellant's untimely challenge to her indefinite suspension. The 8-month lapse in time between the effective date of the appellant's indefinite suspension and the filing of her initial appeal is significant, and the record reflects that the agency informed the appellant of her right to file an appeal with the Board following the imposition of her indefinite suspension. IAF, Tab 4 at 53-58. The appellant, moreover, has not responded to the Board's timeliness order, and we can discern no basis from the current record which would justify her untimely challenge to her indefinite suspension. We note, moreover, that this is not a situation where the appellant's appeal of her removal could be construed as a timely challenge to the agency's continuation of her indefinite suspension. *See, e.g.*, *Lemons v. Department of the Army*, 111 M.S.P.R. 178, ¶ 9 (2009). In such cases, the Board has found that an appellant may separately challenge an agency's continuation of an indefinite suspension when the identifiable condition subsequent which should trigger the end of the indefinite suspension has occurred, but the agency has not returned the appellant to duty within a reasonable period of time. *Id.* Here, however, the agency's identifiable condition subsequent which would have triggered the appellant's return to duty—a determination that she could occupy a noncritical sensitive position—never occurred, and at no point was the agency under an obligation to return the appellant to an active duty status within a reasonable period of time of the condition subsequent. *See, e.g.*, *Ryan v. Department of Homeland Security*, 2014 MSPB 64, ¶¶ 13-14 (finding that the agency was not required to return the appellant to duty because her security clearance had not been reinstated). Furthermore, the Board has held that an agency may keep an appellant who has been indefinitely suspended in a nonpay status while the agency initiates a separate removal proceeding. *See Campbell v. Defense Logistics Agency*, 31 M.S.P.R. 691, 695 (1986), *aff'd*, 833 F.2d 1024 (Fed. Cir. 1987) (Table).

¶12    Under these circumstances, we find that there is no basis to accept the appellant's untimely challenge to her indefinite suspension. The appellant's indefinite suspension claim is therefore DISMISSED as untimely without good cause shown.

The agency's removal of the appellant for failure to occupy a noncritical sensitive position is affirmed.

¶13    Applying the Board's previous decision in *Conyers*, the administrative judge reviewed the reasons for the agency's decision to deny the appellant eligibility to occupy a noncritical sensitive position in connection with his adjudication of the appellant's removal. ID at 2-5. In *Kaplan v. Conyers*, 733 F.3d 1148, 1160 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 1759 (2014), however, the Federal Circuit subsequently held that "there is no meaningful difference in substance between a designation that a position is 'sensitive' and a designation that a position requires 'access to classified information,'" and it ruled that the Board is precluded from reviewing the Department of Defense's national security determinations concerning the eligibility of an individual to occupy a sensitive position, regardless of whether that position requires access to classified information. *Conyers*, 733 F.3d at 1160;[3] *see also Ingram v. Department of Defense*, 120 M.S.P.R. 420, ¶ 9 (2013). In such cases, the Board's review is limited under *Egan v. Department of the Navy*, 484 U.S. 518 (1988), to whether: (1) an Executive Branch employer determined the employee's position required a security clearance; (2) the clearance was denied or revoked; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. *Gamboa v. Department of the Air Force*, 120 M.S.P.R. 594, ¶ 5 (2014).[4]

---

[3] The Federal Circuit's decision in *Conyers* was issued after the administrative judge issued his initial decision in this case.

[4] The Board may also consider whether transfer to a nonsensitive position was feasible but only where a statute or regulation provides the employee with a substantive right to such a reassignment. *See Ryan*, 2014 MSPB 64, ¶ 7.

¶14    We agree with the administrative judge's initial decision insofar as it found that the agency established that the appellant's position was designated as noncritical sensitive, that the appellant was denied eligibility to occupy such a position, and that the agency complied with the procedural protections of 5 U.S.C. § 7513 by providing the appellant with 30 days' advanced written notice of its proposed adverse action, a period of time of more than 7 days to reply, the right to be represented, and a written decision on the proposed action. *See* ID at 2; *Ryan*, 2014 MSPB 64, ¶ 6; 5 U.S.C. § 7513(b)(1)-(4).  The appellant, moreover, has not established that the agency violated one of its specific policies in effecting her removal, and we discern no basis for reversing the appellant's removal on this ground.  *See Ryan*, 2014 MSPB 64, ¶ 6; *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014).  Furthermore, because the appellant was unable to occupy her noncritical sensitive position, we concur with the administrative judge that the appellant's removal satisfies the efficiency of the service standard under 5 U.S.C. § 7513.  *See* ID at 3-4; *Munoz v. Department of Homeland Security*, 2014 MSPB 66, ¶ 13 (removal based on failure to maintain a security clearance promotes the efficiency of the service).

The deciding official did not err in imposing the appellant's removal under *Douglas* and the appellant has not established that she was denied due process.

¶15    On review, the appellant argues that the deciding official failed to conduct a thorough *Douglas* factors analysis and that her constitutional right to due process was violated because the deciding official testified that he had limited authority to impose a penalty other than removal based upon the denial of her eligibility to occupy a noncritical sensitive position.  PFR File, Tab 3 at 11, 20-22.  Neither argument, however, supports the appellant's challenges to her removal.

¶16    First, the Board has recently held that the traditional *Douglas* factors analysis does not apply in cases involving adverse actions based on the suspension or revocation of a security clearance or a national security determination that an employee cannot occupy a sensitive position.  *See*

*Munoz*, 2014 MSPB 66, ¶ 15; *Ryan*, 2014 MSPB 64, ¶ 9; *Flores v. Department of Homeland Security*, 121 M.S.P.R. 287, ¶ 12 (2014). Thus, the appellant's arguments on review that the deciding official failed to consider her length of service, lack of disciplinary record, or favorable work record are of no moment. *See* PFR File, Tab 3 at 11, 20-21. We thus cannot agree with the appellant the agency's selected penalty is entitled to less deference under these circumstances. The appellant, moreover, has neither argued nor demonstrated that there exists a statute, regulation, or agency policy requiring that she be considered for reassignment prior to being removed under these circumstances. *See Ryan*, 2014 MSPB 64, ¶¶ 9-10. Absent evidence of a right to compulsory reassignment, the appellant's argument that the agency erred under *Douglas* by failing to consider alternative penalties prior to imposing her removal is inapplicable under the facts of this case. *Id.*, ¶¶ 9-11.

¶17        Second, we also find the appellant's assertion of a due process violation is without support in the record. In *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262 (2014), the Board found that an employee's due process rights in connection with an adverse action based on the suspension or revocation of a security clearance is limited to invoking the discretion of a deciding official who, within the parameters of the agency's disciplinary procedures, had the authority to consider and impose alternative forms of discipline in lieu of the proposed adverse action. *See Ryan*, 2014 MSPB 64, ¶ 6 (citing *Buelna*, 121 M.S.P.R. 262, ¶¶ 25-28). As we made clear in *Buelna*, due process does not demand that the deciding official consider alternatives that are prohibited, impracticable, or outside management's purview. *See Buelna*, 121 M.S.P.R. 262, ¶ 27.

¶18        Applying this standard, we discern no constitutional error in connection with the agency's removal action. The record reflects that the appellant had the opportunity to respond to her proposed removal to a deciding official but that the deciding official had limited authority to consider alternative penalties because of

the agency's determination that the appellant could not occupy a noncritical sensitive position. PFR File, Tab 3 at 22 (citing hearing testimony). Under *Buelna*, these facts do not present a constitutional deprivation warranting reversal of the agency's adverse action. *See Buelna*, 121 M.S.P.R. 262, ¶¶ 25-28. The appellant, moreover, has not argued that the deciding official considered additional information outside the scope of the notice of proposed removal in rendering his decision on her proposed removal, and we find no colorable due process violation under *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011). *See Buelna*, 121 M.S.P.R. 262, ¶¶ 31-32 (explaining that a deciding official cannot consider ex parte information when rendering his penalty determination in an adverse action based on the suspension or revocation of a security clearance).

The administrative judge erred in adjudicating the appellant's disparate impact affirmative defense.

¶19    Lastly, we VACATE the portion of the administrative judge's initial decision in which the administrative judge adjudicated the merits of the appellant's race-based disparate impact affirmative defense. *See* ID at 5-6. In *Pangarova v. Department of the Army*, 42 M.S.P.R. 319 (1989), the Board found that it is precluded from reviewing allegations of prohibited discrimination and reprisal when such affirmative defenses relate to the revocation of a security clearance because it is without the expertise or authority to adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible discrimination or reprisal. *See id.* at 322-23. The Board and the Federal Circuit have followed this approach in subsequent cases. *See, e.g.*, *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 40 (2012); *Hesse v. Department of State*, 82 M.S.P.R. 489, ¶ 9 (1999), *aff'd*, 217 F.3d 1372 (Fed. Cir. 2000). We therefore find that the administrative judge should not have adjudicated the appellant's Title VII affirmative defense

challenging the process the agency followed in rendering its decision to deny her eligibility to hold a noncritical sensitive position.

¶20     For the foregoing reasons, the initial decision is AFFIRMED AS MODIFIED with respect to the agency's removal action and VACATED with respect to the agency's indefinite suspension action and the appellant's disparate impact affirmative defense.   The appellant's indefinite suspension claim is DISMISSED as untimely without good cause shown.   The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.   5 C.F.R. § 1201.113.   You have the right to request further review of this final decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.